UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Rudy THAM,
Defendant–Appellant.

Nos. 88–1396, 88–1445.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1989.

Decided Sept. 7, 1989.

Linda Lee Demetrick, and Edward A. Koplowitz, San Francisco, Cal., for defendant-appellant.

Lawrence J. Leigh, San Francisco, Cal., for plaintiff-appellee.

Before TANG, CANBY and O'SCANNLAIN, Circuit Judges.

CANBY, Circuit Judge:

Michael Rudy Tham appeals from adverse decisions in two proceedings that have been consolidated for appeal. No. 88–1396 is an appeal from the district court's order revoking Tham's probation and sentencing him to five years' imprisonment. No. 88–01445 is an appeal from the district court's dismissal of Tham's petition for habeas relief under § 2255. We affirm in both cases.

## BACKGROUND AND PROCEEDINGS BELOW

Tham was indicted for embezzlement of union funds and falsification of union records. He had been the Secretary–Treasurer of Local 856 of the International Brotherhood of Teamsters. Before trial, Tham's attorney filed a discovery motion for disclosure of material required to be produced under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Tham was convicted in a jury trial and sentenced to six months' imprisonment and four years of probation, to begin after his release from prison. He was ordered to repay to the union the sum of $2,005.04, and was fined $50,000. He was also barred from holding any union office for five years. His conviction was subsequently affirmed by this court. *United States v. Tham,* 665 F.2d 855 (9th Cir.1981), *cert. denied,* 456 U.S. 944, 102 S.Ct. 2010, 72 L.Ed.2d 466 (1982).

Tham served his prison term, and was released to begin his four-year probation term on July 29, 1982. In October of 1985, Tham hired a private investigator, who allegedly turned up information suggesting to Tham that he had been denied *Brady* material at his trial.

On June 11, 1987, the United States filed a petition to revoke Tham's probation for failure to comply with a special condition requiring that he send to all union members a copy of his written request to the union for an audit. At the hearing, the district court revoked Tham's probation and sentenced him to a further year of probation.

On July 21, 1987, Tham filed a motion under 28 U.S.C. § 2255, claiming that the government had not supplied the defense with *Brady* material that existed prior to trial. The district court subsequently denied Tham's motion.

On June 22, 1988, the United States again filed a petition to revoke Tham's probation on the ground that he had associated with convicted felons in violation of a general condition of probation. Tham filed a motion to dismiss the petition for revocation. At the hearing, the district court denied Tham's motion to dismiss, revoked his probation, and sentenced him to five years' imprisonment, with credit for time served. Tham is currently serving this sentence.

Tham appeals both the denial of his petition for relief under § 2255 for *Brady* violations, and the revocation of his probation

and the resulting sentence of imprisonment.

## DISCUSSION

### A. *Revocation of Probation*

A district court has broad discretion to revoke probation when the conditions of probation have been violated. *United States v. Simmons*, 812 F.2d 561, 565 (9th Cir.1987). We review revocation decisions for an abuse of discretion, or fundamental unfairness. *Id.*

#### 1. Subject Matter Jurisdiction

Tham argues that the district court lacked jurisdiction to impose and revoke his final period of probation. To evaluate the argument, it is necessary to examine the chronology of Tham's two terms of probation and their revocations in light of the applicable statutes.

At the conclusion of his original six-month term of incarceration, Tham was subjected to four years' probation. Eleven months after the conclusion of that period of probation, the probation was revoked on petition of the government. A new term of one year's probation was imposed. Just prior to the expiration of that one-year term, Tham's probation was again revoked on petition of the government, and his present term of five years' incarceration (with credit for time previously served) was imposed.

 Tham's first argument is based on 18 U.S.C. § 3651,[1] which states: "The period of probation, together with any extension thereof, shall not exceed five years." Tham's contention is that the statute requires that all of his probation be served within a five-year period. The statute, however, does not say that; it merely provides that the period of probation may not exceed five years. We conclude, as has the Fifth Circuit, that section 3651 is not violated by two separate periods of probation totaling five years and separated by a period of non-probation. *See Smith v. United States*, 505 F.2d 893, 895 (5th Cir.1974).

 Tham's next argument is that his first period of probation was, in effect, five years in duration because he remained liable for revocation of his first probation during that time. This argument misconstrues 18 U.S.C. § 3653, which differentiates between the period of probation and the period during which a revocation of probation may be sought:

> At any time within the probation period, *or within the maximum probation period permitted by section 3651* of this title, the court ... may issue a warrant for [the probationer's] arrest for violation of probation occurring *during the probation period.*

*Id.* (emphasis added) As applied to Tham, this provision means that if Tham committed a violation during his initial four-year term of probation, the court could commence revocation proceedings either during that four-year period, *or* during the one-year period immediately following it (which still falls within the five-year maximum period set by section 3651). The fact that probation has ended when Tham's revocation proceedings were initiated is of no moment; the proceedings were initiated during the five-year maximum period and the violation charged occurred during the four-year period of probation. *See United States v. O'Quinn*, 689 F.2d 1359, 1360–61 (11th Cir.1982) (per curiam). The court was free to impose an additional year of probation at that point. *See United States v. McCrae*, 714 F.2d 83, 86 (9th Cir.) *cert. denied*, 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983). That Tham was subject to the initiation of revocation proceedings during the fifth year after his probation commenced does not mean, as Tham has argued, that he was on probation during that year. Indeed, the fact that he could not be charged with a probation violation occurring during that year belies the contention.

---

**1.** Sections 3651–3656 have subsequently been repealed, revised and renumbered. *See* Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 212, 98 Stat.1987. The new statutes regarding probation and revocation appear at 18 U.S.C. §§ 3561–3566. Section 3651 and 3653 still apply to these proceedings, however.

The government's two revocations of Tham's probation did stretch the statutory timetable to its limits. He completed his four-year term of probation, but was not subjected to revocation notice and proceedings until 11 months later, just before the five year deadline. Then, after revocation resulted in an additional probation term of one year, the government did not initiate revocation proceedings until just prior to the end of that term, at virtually the last permissible moment. Although such last-minute determinations may sometimes disserve the rehabilitative purposes of probation, they do not violate the governing statutes. There is accordingly no basis in law for upsetting the revocations of Tham's probation.

### 2. Adequacy of Notice

■ Tham contends that he did not have adequate notice of the alleged violations of probation conditions, and that this omission constituted a violation of his procedural due process rights. In *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973), the Supreme Court held that probationers were entitled to the due process rights provided to parolees, as outlined in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). These rights are codified in Rule 32.1 of the Federal Rules of Criminal Procedure. Under Rule 32.1(a)(2)(A), the probationer must receive "written notice of the alleged violation of probation." Tham argues that the Petition for Probation Action was facially defective, and did not satisfy these requirements. The petition notified Tham that he violated "Condition No. 2 of the conditions of probation by associating with a convicted felon." It specifies the general dates of these events, the location where they occurred, and the individuals involved. The petition gave Tham sufficient notice of the alleged violations of probation.

### 3. Right to See Probation File

■ Fed.R.Crim.P. 32.1(a)(2)(B) requires "disclosure of the evidence against the probationer." Tham argues that, because he was not allowed to view his probation file prior to the revocation hearing, both the Rule and due process were violated. The file, however, was not used as evidence. Tham was provided the opportunity to cross-examine all the witnesses, including his probation officer. There was no violation of the Rule or of due process.

### 4. Fair Warning: Validity of Condition # 2

■ Tham argues that condition # 2 of his general probation conditions, which required him to "associate only with law abiding persons," was not explained to him to mean that he was prohibited from associating with convicted felons. He contends that, as a result, he did not have fair warning of what behavior was prohibited. Tham is correct in asserting that a condition of probation that does not by its terms make clear what is prohibited must be explained to the probationer before it can serve as foundation for a violation.[2] *See Simmons*, 812 F.2d at 566–67; *United States v. Dane*, 570 F.2d 840, 844 (9th Cir.1977), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3075, 57 L.Ed.2d 1124 (1978); *United States v. Bonnano*, 452 F.Supp. 743, 755 (N.D.Cal.1978), *aff'd mem.*, 595 F.2d 1229 (9th Cir.1979). The testimony at the hearing, however, was conflicting as to the date Tham was told that condition # 2 prohibited associating with convicted felons. Tham testified that he was told by his probation officer in March 1988. The probation officer, however, testified that she told him in July of 1987.

The credibility of witnesses is best left to the district court; we cannot say that the district court abused its discretion. Because the court could reasonably find that Tham was warned in July 1987 that he was prohibited from associating with convicted

---

**2.** "The probation order of the court is the principal determinant of the conditions of probation, but it is not the sole source for defining the conditions. In addition to the bare words of the probation condition, the probationer may be guided by the further definition, explanation, or instructions of the district court and the probation officer." *United States v. Romero*, 676 F.2d 406, 407 (9th Cir.1982).

**1266**

felons, his subsequent associations are valid grounds to revoke his probation.

### 5. Decision to Revoke Probation

■ Tham argues that his violations of the conditions of probation were technical, and that his probation accordingly should not have been revoked. The district court must resolve two issues at a revocation hearing: 1) whether a violation of a probation condition occurred; and 2) whether probation should be revoked as a result. Fed.R.Crim.P. 32.1(a)(2) Advisory Committee Notes. The district court has broad discretion in revocation proceedings. *Simmons,* 812 F.2d at 565.

Here, Tham associated with several convicted felons in various circumstances and relationships, some of which were continuing. Tham stipulated to many of the charged "associations," to the status of these associates as convicted felons, and to his knowledge of that fact. We cannot say the district court abused its discretion in revoking Tham's probation for violations of his probation conditions.

### B. *Violation of Pre-Trial Discovery of Brady Material*

■ The district court denied Tham's petition for relief under 28 U.S.C. § 2255 on alternative grounds: 1) that Tham had failed to prove a *Brady* violation; and 2) that Tham's delay in filing his petition sufficiently prejudiced the government so as to require dismissal under Rule 9(a) of the Rules Governing § 2255 Motions. Because we affirm the district court on the issue of the *Brady* claim,[3] we need not reach the delay issue.

Tham argues that the United States failed to disclose information it had a duty to disclose under *Brady v. Maryland.* To prove a *Brady* violation, Tham must show that the government failed to disclose *material* evidence. *United States v. Bagley,* 473 U.S. 667, 674, 105 S.Ct. 3375, 3379, 87

L.Ed.2d 481 (1985). Evidence is material only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* 473 U.S. at 682, 105 S.Ct. at 3383.

Tham's "newly discovered" evidence is not the type of information that can support the *Brady* violation he alleges. It consists principally of evidence that government agents had knowledge that a key witness, James Fratianno, had attempted to sell eye or dental care plans to Tham's union, as Tham had contended. That fact, however, was neither kept from Tham nor from the jury. Fratianno's testimony, while at times contradictory, clearly included statements that he was trying or had tried to sell medical plans to Tham's union. The subject was brought out in both direct and cross-examination. The *Brady* rule was therefore not violated. *See United States v. Dupuy,* 760 F.2d 1492, 1501 n. 5 (9th Cir.1985); *United States v. Shelton,* 588 F.2d 1242, 1247–49 (9th Cir.1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2822, 61 L.Ed.2d 275 (1979). In addition, none of the evidence now offered by Tham directly contradicts the specific charges of which he was convicted. Tham consequently has not made the required showing of materiality under *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3383; there is no reasonable probability that disclosure would have led to a different result at trial.

Nos. 88–1396 and 88–1445 are AFFIRMED.

---

**3.** As a preliminary matter, the United States argues that Tham waived his *Brady* violation claim by failing to appeal the issue on his direct appeal. Our disposition makes it unnecessary for us to reach this issue. *See Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 906 n. 1 (9th Cir.1986); *Batchelor v. Cupp,* 693 F.2d 859, 864 (9th Cir.1982), *cert. denied,* 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983).