951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Thomas ROBERTS, Defendant-Appellant.
 No. 90-50027.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 11, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Thomas Roberts appeals his probation revocation and sentence following an admission of probation violations. Roberts originally received five years probation after pleading guilty to conspiracy to import marijuana in violation of 21 U.S.C. §§ 952, 960, and 963. Upon probation revocation, Roberts was sentenced under the Sentencing Reform Act of 1984 to seventy-two months imprisonment, followed by five years supervised release. Roberts contends that the district court erred by accepting his admission of probation violations at a preliminary revocation hearing without first informing him of his maximum possible sentence, as required by Fed.R.Crim.P. 11(c)(1). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A district court has broad authority to revoke probation; revocation decisions will be reversed only on a showing of abuse of discretion. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991); United States v. Tham, 884 F.2d 1262, 1264 (9th Cir.1989).
 
 
 4
 Probation revocation entails a loss of liberty and, consequently, invokes due process rights under the Fourteenth Amendment. Black v. Romano, 471 U.S. 606, 610 (1985); United States v. Simmons, 812 F.2d 561, 564-65 (9th Cir.1987). A revocation proceeding, however, is not to be equated with a criminal prosecution, and does not require the full range of procedural protections accorded at a criminal trial. Black, 471 U.S. at 610; Simmons, 812 F.2d at 564. Fed.R.Crim.P. 11, which by its terms applies to conditions for acceptance of guilty pleas, is inapplicable to revocation of probation and imposition of sentence. United States v. Segal, 549 F.2d 1293, 1296 (9th Cir.), cert. denied, 431 U.S. 919 (1977). This court has also refused to extend the due process protections for guilty pleas by analogy to admissions of probation violations during revocation hearings. Id. at 1298-1301; see also Bostic v. Carlson, 884 F.2d 1267, 1272 (9th Cir.1989).
 
 
 5
 Fed.R.Crim.P. 32.1, which codifies the minimum process due during probation revocation hearings, Tham, 884 F.2d at 1262, does not include a provision requiring notice of the maximum possible sentence upon probation revocation.[1] After a hearing pursuant to Rule 32.1, a judge may revoke probation and impose any sentence available to him at the time of initial sentencing. 18 U.S.C. § 3565.
 
 
 6
 Here, Roberts contends that the district court erred at the preliminary revocation hearing by accepting his admission of probation violations, which Roberts terms a "guilty plea", without first advising him of the maximum possible sentence he could receive, as required under Fed.R.Crim.P. 11(c)(1). He asserts that the district court informed him only of a four-year maximum penalty, but then imposed a six-year term of imprisonment.
 
 
 7
 Nevertheless, Roberts' admission of probation violations was not the functional equivalent of a guilty plea, and Fed.R.Crim.P. 11 does not apply to his probation revocation hearing. Segal, 549 F.2d at 1298-1301; see also Bostic, 884 F.2d at 1272. Roberts does not suggest that during his preliminary revocation hearing he failed to receive any of the limited due process protections appropriate in this context, as enumerated in Fed.R.Crim.P. 32.1.[2] The district court did not abuse its discretion when it revoked Roberts' probation and sentenced him to a term of six years of imprisonment. See Laughlin, 933 F.2d at 788; Tham, 884 F.2d at 1264.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Whenever a probationer is held in custody for probation violations he is entitled to a prompt preliminary hearing to determine probable cause before an independent decisionmaker; notice of the claimed probation violations; an opportunity to appear at the hearing and present evidence on his own behalf; a conditional right to cross examine adverse witnesses; a written report of the hearing; and notice of his right to be represented by counsel. Fed.R.Crim.P. 32.1. Rule 32.1 provides for a somewhat more comprehensive second hearing prior to final probation revocation
 
 
 [2]
 Although Rule 32.1 does not include a requirement that the district court advise a probationer of his maximum possible sentence upon admission of probation violations, the district court expressly informed Roberts that he could receive up to forty years imprisonment. See Appellee's Supplemental Excerpts of Record at 36-37, reflecting correction of an error of transcription from the November 6, 1989 preliminary probation revocation hearing