954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio CRUZ-VELASQUEZ, Defendant-Appellant.
 No. 90-50560.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1992.*
Decided Feb. 13, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Velasquez pleaded guilty to conspiracy to possess with intent to distribute approximately two kilograms of cocaine. 21 U.S.C. §§ 841(a)(1), 846. He was sentenced to twenty (20) years imprisonment. The execution of the sentence was suspended and Velasquez was placed on probation for five years, with certain terms and conditions. Subsequently, Velasquez was found to be in violation of the terms and conditions of his probation. The court concluded that Velasquez's probation should be revoked; he was then sentenced to seven years imprisonment. Velasquez appeals.
 
 DISCUSSION
 
 3
 Velasquez admits that he violated the requirement that he notify the probation office after changing his residence. Velasquez argues that this was merely a technical violation and that his probation should be continued because he was forced to move out of his house and change his residence due to divorce proceedings brought by his wife.
 
 
 4
 Velasquez also acknowledges that while on probation he associated, for approximately a month, with Gilberto Alvarez, after he witnessed Alvarez kill Chico Che in a motel room that Velasquez was visiting. Velasquez argues that since the court had earlier dismissed this allegation, it was improper to consider this conduct in determining whether his probation should be revoked.[1] He argues that revocation of probation should not be the result of a mere technical violation of not reporting a change in residence.
 
 
 5
 In United States v. Tham, 884 F.2d 1262, 1266 (9th Cir.1989), we held that the district court did not abuse its discretion in revoking probation where there had been a violation of the condition not to associate with convicted felons. We rejected the argument that this condition of probation was merely technical, a violation of which cannot support probation revocation. Id. We ruled in United States v. Hamilton, 708 F.2d 1412, 1415 (9th Cir.1983), that revocation proceeding should not be an automatic reaction to technical or minor violations and that probation revocation should involve facts of opprobrious conduct or antisocial activity.
 
 
 6
 Our holding in Tham is dispositive here. First, Velasquez admits he did not comply with the change of address requirement. Second, it is undisputed that one of the conditions of Velasquez's probation required that he not associate with any person who has been or is engaged in criminal activity. Velasquez acknowledged his occasional contact with Alvarez for approximately one month after Alvarez committed the killing. Although Alvarez was not a convicted felon as in Tham, Velasquez's contact with him was a violation of his probation and an indication that Velasquez could not be counted on to avoid antisocial activity. Hamilton, 708 F.2d at 1415. We cannot say that it was fundamentally unfair or an abuse of discretion for the district court to consider all of Velasquez's acknowledged conduct in determining whether to revoke Velasquez's probation. Id. at 1414.
 
 
 7
 Following the revocation of Velasquez's probation, he was sentenced to seven years incarceration. During the sentencing phase, the court found that the condition which most concerned the court was Velasquez's continued contact with Alvarez after Velasquez had witnessed him killing Chico Che. We find no error in the district court considering this conduct at sentencing. There is also no error in the seven year sentence. The sentence imposed was available at the time of the initial sentencing. 18 U.S.C. § 3565(a)(2); United States v. White, 925 F.2d 284, 286 (9th Cir.1991) (holding that when a court revokes probation, it must impose a sentence that was available at the time of initial sentencing). In fact, the probation office had recommended that Velasquez be sentenced to seven years imprisonment at the time of the initial sentencing.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Velasquez correctly states that the court had dismissed allegations for associating with a person who had been engaged in criminal activity and allegations that Velasquez was present where controlled substances were being used