978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan ARTEAGA-RODRIGUEZ; Louis Lopez, Defendants-Appellants.
 Nos. 91-10275, 91-10413.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1992.*
Decided Nov. 9, 1992.
 
 1
 Before CHOY, ALARCON and CYNTHIA HOLCOMB HALL Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Juan Arteaga-Rodriguez appeals his conviction and 324-month sentence for violation of 21 U.S.C. §§ 846 and 841(a)(1). Appellant Louis Lopez appeals his conviction and 235-month sentence for the same violations. The district court had jurisdiction under 18 U.S.C. § 3231 and this court has jurisdiction under 28 U.S.C. § 1291.
 
 
 4
 * Appellants Arteaga-Rodriguez and Lopez contend that the government's "outrageous" behavior in this case constituted a due process violation. When the criminal enterprise is in progress at the time the government becomes involved, the criminal cannot use "outrageous" government conduct as a defense. United States v. Stenberg, 803 F.2d 422, 429 (9th Cir.1986). Such is the case here. Before the government approached either Arteaga-Rodriguez or Lopez, the two men were involved in crack cocaine distribution. Evidence of the men's prior participation in criminal activity is plentiful: At one meeting, Arteaga-Rodriguez commented to Special Agent Alicia Ramirez that the narcotics business was so busy, he rarely slept. On another occasion he arrived at a meeting bandaged and bruised and confided to Ramirez that he had been mugged by narcotics buyers with whom he had previous dealings. Furthermore, at two separate meetings, Lopez explained where and how the men had been importing crack cocaine into Las Vegas from Mexico and claimed that he had an long-standing business relationship of with his supplier.
 
 
 5
 Although it was Agent Ramirez who contacted the men, she did not induce them to engage in criminal activity against their will. Both men willingly and eagerly provided Agent Ramirez with the amounts of crack cocaine she requested and went so far as to suggest the terms for additional transactions. As such, Appellants cannot credibly make a claim of outrageous government conduct.
 
 II
 
 6
 * Arteaga-Rodriguez and Lopez also argue that the district court should have downgraded their sentences based on their acceptance of responsibility. Although Appellants did not deny participating in the transactions with Agent Ramirez, neither Appellant admitted culpability during the trial. In fact, the district court found that Arteaga-Rodriguez had consistently made statements which were not wholly truthful during trial. Furthermore, the court noted that it was only after the verdict was rendered that Lopez partially admitted his role in the transactions to the probation officer preparing his sentencing report.
 
 
 7
 Reviewing for clear error, we find none in the district court's determination that a downward departure was not in order. As we have noted in United States v. Gonzalez, 897 F.2d 1018 (9th Cir.1990), the sentencing judge is in the unique position to evaluate whether a defendant has accepted responsibility. Id. at 1019. Here, we defer to the court's judgment.
 
 B
 
 8
 Additionally, Lopez argues that the court should have reduced his offense level by two points because the likelihood of recidivism in his case is slim. Because a district court's discretionary decision not to depart downward from the Guidelines is not subject to appellate review, United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990), we dismiss this claim.
 
 III
 
 9
 Lopez argues that this case should be remanded for resentencing because the government failed to meet its obligation under Federal Rule of Criminal Procedure 16. In order to obtain relief for a violation of rule 16, a defendant must establish that his substantial rights were prejudiced. United States v. Phillip, 948 F.2d 241, 251 (6th Cir.1991); United States v. Reed, 724 F.2d 677, 680-81 (8th Cir.1984). Lopez claims that he was denied effective assistance of counsel because of the government's alleged failure to provide him with his past criminal history. He contends that without the information concerning his prior convictions, his attorney was unable to make an informed decision as to whether to go to trial or not.
 
 
 10
 We find Lopez' argument unpersuasive. He may be suggesting that had the government provided his attorney with the information of his past convictions, he would have pled guilty. However, if Lopez pled guilty, the district court still would have considered his prior convictions in determining his sentence. Thus, knowledge of the prior convictions would have made no difference under these circumstances.
 
 
 11
 As a result, it is more likely that Lopez is arguing that he would have sought a reduced sentence through a plea bargain agreement had his counsel been properly informed of his prior convictions. Of course, Lopez has no constitutional right to a plea bargain. United States v. Moody, 778 F.2d 1380, 1385-6 (9th Cir.1985). The decision to offer a plea bargain is completely within the discretion of the prosecution. Id. One could argue that given the results of this case the government would not have been inclined to negotiate with Lopez. In short, whether Lopez would have received a reduced sentence through a plea bargain agreement had his counsel sought such an arrangement is a matter of pure speculation and is not a sufficient justification for upsetting the sentence in this case.
 
 
 12
 Thus, without deciding whether the government violated rule 16, we find that Lopez is not entitled to relief because he has failed to establish that his substantial rights were affected in any meaningful sense.
 
 IV
 
 13
 Finally, Appellants claim that the government's failure to provide them with information regarding the confidential informant's criminal background constituted a Brady violation. Alberto Fernandez, the government's informant, had previously been charged, but never convicted for creating false immigration documents. The charges against Fernandez were dismissed because of due process violations. See United States v. Fernandez-Caro, 677 F.Supp. 893 (S.D.Tex.1987).
 
 
 14
 Prior to trial, defense counsel had information regarding Fernandez's criminal activity. Counsel cross-examined Special Agent Ramirez and Fernandez extensively about this criminal background. Appellants' complaint on appeal is that an updated Immigration and Naturalization Service record on Fernandez was not made available to counsel prior to trial. This information, according to Appellants, might have further impeached Fernandez' testimony.
 
 
 15
 Whether such information was material under Brady is unclear because the updated report is not part of the record. Nonetheless, given the strength of the government's case, which included tape-recorded conversations, photographs of the transactions, and eyewitness testimony, and given defense counsel's ample opportunity to cross-examine Fernandez about his criminal history, failure to provide this updated report on Fernandez was not prejudicial to the Appellants' defense. See United States v. Tham, 884 F.2d 1262, 1266 (9th Cir.1989) (holding that direct and cross-examination which revealed prosecution witness' past criminal activity preempted possibility of Brady violation).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3