996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio NAVARRO-NEGRETE, Defendant-Appellant.
 No. 92-10378.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1993.*
Decided May 20, 1993.
 
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Antonio Navarro-Negrete appeals his conviction for importation and possession with intent to distribute marijuana pursuant to 21 U.S.C. § 952(a) and 841(a)(1) (1988). The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.
 
 
 3
 * EXCLUDED EVIDENCE
 
 
 4
 Appellant argues that the district court's refusal to admit the testimony of an officer who searched the house appellant shared with his brother is reversible error. The officer searched appellant's home on December 13, 1991, almost three weeks after appellant was arrested for possession of 24 pounds of marijuana which was concealed in the gas tank of his truck. The officer's search proved to be fruitless and appellant wished to call the officer to the stand to testify about the fruitless search. Appellant argues the fruitless search was evidence of his lack of knowledge about the marijuana in his gas tank. The district court ruled the evidence was irrelevant pursuant to Federal Rules of Evidence 401 and 402. We review a district court's determination on the relevance of evidence for abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 5
 We have held that for evidence to be relevant, it must satisfy two requirements:
 
 
 6
 (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action.
 
 
 7
 United States v. Click, 807 F.2d 847, 850 (9th Cir.1987). In the present case, appellant sought to prove the proposition that he had no knowledge of the drugs in his gas tank. This proposition is of consequence to the determination of appellant's guilt, because it would indicate that someone else placed the drugs in the gas tank and appellant simply drove the truck across the border unaware of the contraband in the gas tank. Because intent is an element of the crimes for which appellant was convicted, had the jury believed he did not know about the drugs in the gas tank, it would have been bound to find him innocent. However, the excluded evidence related to a search that occurred almost three weeks after appellant's arrest. This interval erodes considerably the probative value of the failure of the officers to find any evidence of drug trafficking. Thus, we conclude the district court's ruling excluding the proffered evidence was not an abuse of discretion.
 
 
 8
 Even if we were to regard the court's ruling as error, however, it would not require reversal unless it was more "probable than not" that the error affected the verdict. United States v. Karr, 742 F.2d 493, 497 (9th Cir.1984). Two factors compel the conclusion that the exclusion of evidence was harmless: 1) appellant's brother testified that the police searched his house on December 13, 1991 and they found no drugs; and, 2) the search did not happen until almost three weeks after appellant's arrest.
 
 
 9
 The jury ultimately heard from appellant's brother that the police had searched the residence and that the search yielded nothing. Thus, the evidence excluded was cumulative. Moreover, because the search did not occur until three weeks after appellant's arrest, the jury could infer that were there any drugs in the house at the time of appellant's arrest, appellant's brother or someone on appellant's behalf would have moved any incriminating evidence out of the house upon learning of appellant's arrest. Thus, the district court's error was harmless.
 
 II
 BRADY ISSUE
 
 10
 Appellant argues that because telephone records in the government's possession were not provided to defense counsel, there was a violation of Brady v. Maryland, 373 U.S. 83 (1963). Appellant asserts these telephone records were exculpatory because they would have corroborated that appellant called his brother and was told to return to the United States.
 
 
 11
 To establish a Brady violation, appellant must show that the government suppressed "evidence favorable to an accused upon request ... where the evidence is material either to guilt or punishment...." United States v. Lehman, 792 F.2d 899, 901 (9th Cir.) cert. denied, 473 U.S. 667 (1986). We review the question of materiality of the evidence de novo. United States v. Lehman, 792 F.2d 899, 901 (9th Cir.) cert. denied, 479 U.S. 868 (1986).
 
 
 12
 The toll records in the government's possession were the same records that appellant and his brother would receive on their telephone bill. They showed telephone calls made from the residence in Chowchilla, California to Mexico. Appellant asserts that this information is exculpatory because it corroborates his testimony that the reason he returned from Mexico is that he telephoned his brother from Mexico and his brother told him to return to the United States. However, the telephone records in the government's possession do not show telephone calls made from Mexico to the residence in California. Thus, the records could not have corroborated appellant's testimony regarding the telephone call he made from Mexico to his brother in California.
 
 
 13
 Even if the records did show that appellant telephoned his brother from Mexico, we fail to see how this information would be material. Evidence is material only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). A telephone record showing a telephone call from Mexico to California does not prove that appellant was unaware of the 24 pounds of marijuana in the gas tank of his truck. See United States v. Tham, 884 F.2d 1262, 1266 (9th Cir.1989) ("[N]one of the evidence now offered by [the defendant] directly contradicts the specific charges of which he was convicted.") Thus, assuming the telephone records did show the telephone call from Mexico to California, there is not a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.
 
 
 14
 Appellant's Brady argument also fails because these records were available to appellant by virtue of his telephone bill. In United States v. Brown, 562 F.2d 1144, 1151 (1977), we stated that a general Brady request was not sufficient to require disclosure when the defense "negligently failed to discover and utilize information in their own possession." Defense counsel, in the instant case, made a general request for all Brady material. Because the telephone records were available to appellant, we hold there was no Brady violation.
 
 III
 CONCLUSION
 
 15
 The district court's refusal to permit defense counsel to question the officer who searched appellant's home was not error. Appellant's contention that the government committed a Brady violation is meritless. The district court's judgment of conviction and sentence imposed are, therefore, AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3