97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Lee REED, Defendant-Appellant.
 No. 96-35104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 12, 1996.
 
 Before: FLETCHER, BRUNETTI and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Lee Reed, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence following his guilty plea conviction for importing more than 1000 grams of hashish in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we affirm.
 
 
 3
 Reed first contends that the district court erred by denying his motion to suppress because the Federal Rules of Evidence were not applied at a pretrial suppression hearing. Specifically, he argues that hearsay testimony was admitted, and thus he was denied the right to confront witnesses. This claim was rejected by this court in Reed's direct appeal, United States v. Reed, No. 90-30462 (9th Cir. Apr. 15, 1992) (unpublished memorandum disposition), in which we held that even if the testimony were to be excluded, there was still sufficient evidence to support probable cause to search the vessel in which the hashish was found. Accordingly, we will not review this claim. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985) (per curiam); see also United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980) (holding that Fourth Amendment claims are barred in federal habeas actions), cert. denied, 451 U.S. 938 (1091).
 
 
 4
 Reed next contends that he should have been granted a downward departure based on aberrant behavior. We agree with the district court that Reed has waived this issue. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995) (holding that nonconstitutional sentencing errors not raised on direct appeal are waived and may not be reviewed under section 2255).
 
 
 5
 Reed also argues that discrepancies in the testimony of government witnesses support his allegations of Brady violations and government misconduct. See Brady v. Maryland, 373 U.S. 83 (1963). The record reveals that these discrepancies were the subject of Reed's motion to reopen, that the motion was granted, and that Reed's counsel thoroughly questioned four government agents about the discrepancies. Accordingly, we reject Reed's argument. See United States v. Tham, 884 F.2d 1262, 1266 (9th Cir.1989) (holding that when contradictions in witnesses' testimony are brought out on direct and cross-examination, Brady is not violated). Furthermore, to the extent that Reed argues that the government committed misconduct by conducting a pretextual search, we note that we have already upheld the legality of that search. See Reed, No. 90-30462.
 
 
 6
 Finally, Reed contends that his trial counsel was ineffective because counsel acquiesced to a "team" approach to Reed's defense and because counsel's motion to reopen did not address issues which Reed wished to have addressed. This contention lacks merit.
 
 
 7
 To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice because of that failure. Strickland v. Washington, 466 U.S. 668, 687 (1984). A strong presumption exists that counsel's conduct falls within the wide range of reasonable professional competence. Id. at 688. A tactical decision with which the defendant disagrees does not create an ineffective assistance of counsel claim. Id. at 689.
 
 
 8
 Here, Reed's attorney, alone, filed a thorough and persuasive motion to reopen the suppression hearing. The motion was granted, and over a two day period, Reed's attorney vigorously questioned four government agents on discrepancies in their previous testimony. Given these circumstances, we cannot say that counsel's performance fell below an objective standard of reasonableness. See id. at 688.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Reed's contention that he was convicted in violation of the Double Jeopardy Clause is foreclosed by the Supreme Court's decision in United States v. Ursery, 116 S.Ct. 2135, 2147 (1996) ("[C]ivil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause."). In addition, we reject Reed's argument that he is entitled to witness fees under 18 U.S.C. § 1821. In 1992, Congress amended section 1821, making incarcerated persons ineligible for witness fees. 18 U.S.C. § 1821(f) (West 1996). Subsection (f) was "both prospective and retroactive in relation to all persons in ineligible class who have not already received payment for witness fees." H.R.Rep. No. 102-194, 102d Cong., 1st Sess., reprinted in 1992 U.S.C.C.A.N. 1465