99 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James William STEWART, Defendant-Appellant.
 No. 96-50063.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.*
Decided Oct. 18, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Stewart appeals the district court's order revoking his supervised release. The revocation was based on Stewart's failure to report to his probation officer upon release from imprisonment.
 
 I. FACTS
 
 3
 In 1991, Stewart pleaded guilty to aiding and abetting bank robbery. The district court sentenced Stewart to sixty three months in custody to be followed by a three-year period of supervised release. Stewart's imprisonment ended on August 30, 1995, at which time he was instructed by his probation officer, Peter Bosque, to report to the Probation Office in San Diego, California, on August 31, 1995. Stewart did not personally report on August 31; instead, he telephoned Bosque from Fresno, California. Stewart stated that he wanted some time with his family, and Bosque allowed Stewart to report to Bosque on Tuesday, September 5, which was the day after Labor Day.
 
 
 4
 Stewart failed to report on September 5; instead, he came to the Probation Office on Wednesday, September 6, and reported to Bosque's supervisor, Daniel Gonzalez, who instructed Stewart to report to Bosque in person the next day, September 7. Stewart declined to give Gonzalez any address information.
 
 
 5
 Stewart did not report on September 7. Thereafter, his sole contact with the Probation Office was a telephone call on September 13 in which he said that he was trying to find a local residence and would call back, which he never did. On September 22, 1995, Bosque submitted a letter and petition to the Honorable John S. Rhoades, United States District Court, alleging that Stewart had failed to report and that Stewart's whereabouts were unknown.
 
 
 6
 On January 22, 1996, the district court held a hearing concerning Stewart's supervised release. The court revoked the supervised release and sentenced Stewart to thirteen months in custody. Stewart appeals the district court's determination that he violated his supervised release and the court's order revoking the supervised release.
 
 II. DISCUSSION
 
 7
 We review under the abuse of discretion standard a finding that a defendant has violated supervised release. United States v. Duff, 831 F.2d 176, 177 (9th Cir.1987). Similarly, a district court's decision to revoke supervised release is reviewed for abuse of discretion. United States v. Tham, 884 F.2d 1262, 1264 (9th Cir.1989). The district court must resolve two issues at a revocation hearing: (1) whether a violation of a probation condition occurred; and, (2) whether probation should be revoked as a result. Id. at 1266.
 
 
 8
 Peter Bosque, Stewart's probation officer, filed a revocation petition on the basis of Stewart's repeated failure to appear at the Probation Office when instructed to do so and Stewart's failure to contact Bosque for extended periods of time. At the revocation hearing, Bosque presented ample testimony of the problems he experienced in trying to communicate and arrange a meeting with Stewart. At the close of the hearing, the district court revoked Stewart's supervised release and sentenced Stewart to 13 months imprisonment.
 
 
 9
 Implicit in the district court's revocation of Stewart's supervised release is a finding that Stewart violated the terms of that release. When a court does not enter a specific finding, we will uphold the result if it is reasonably supported in the record. United States v. Twine, 853 F.2d 676, 681 (9th Cir.1988); United States v. Most, 789 F.2d 1411, 1416 (9th Cir.1986). The district court did find that Stewart failed to show up at the Probation Office as instructed and failed to communicate with Bosque concerning his whereabouts. The findings indicate that the district court did consider--and rejected--Stewart's claim that his communication with the Probation Office satisfied the conditions of his release. The record before us contains ample testimony of Stewart's failure to comply with the conditions of his supervised release. The district court did not abuse its discretion in finding that Stewart violated the conditions of his release.
 
 
 10
 The district court revoked Stewart's supervised release on the basis of its finding that Stewart had violated a condition of that release. The district court has broad discretion in revocation proceedings. Tham, 884 F.2d at 1264, citing United States v. Simmons, 812 F.2d 561, 565 (9th Cir.1987). In this case, the district court held a revocation hearing, at which the court reviewed Stewart's past confinement and other disciplinary difficulties, including Stewart's history of noncompliance and "poor performance" on probation. As a result, the district court found that confinement was preferable to continued supervised release. On the facts aired at the revocation hearing, it is clear that a violation of probation occurred, and that the district court did not abuse its discretion in ruling to revoke the supervised release. See Tham, 884 F.2d at 1266. The district court was well within its discretion to order revocation of Stewart's supervised release.
 
 III. CONCLUSION
 
 11
 The decision of the district court to revoke Stewart's supervised release is AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3