119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward HARSH, Defendant-Appellant.
 No. 96-10396.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1997.
Decided July 15, 1997.
 
 Before: BROWNING, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Allan Harsh appeals the district court's revocation of his probation based largely on the credibility, or lack thereof, of Michael Jones, a witness for the government and Harsh's former business partner. Harsh concedes that his "admission of five charges would have alone sufficed to support the district court's decision to revoke"; however, he essentially contends: (1) that the violations which he admitted were not serious enough to warrant a thirty-month sentence, and (2) that the district court abused its discretion in finding that he committed the more serious probation violations because the testimony of Michael Jones was incredible.
 
 
 3
 A federal district court has broad authority to revoke probation. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Revocation decisions are reviewed for an abuse of discretion. Id. A district court abuses its discretion when the record contains no evidence to support its decision. United States v. Schmidt, 99 F.3d 315, 320 (9th Cir.1996).
 
 
 4
 At a revocation hearing, a district court must resolve two issues: "1) whether a violation of a probation condition occurred; and 2) whether probation should be revoked as a result." United States v. Tham, 884 F.2d 1262, 1266 (9th Cir.1989) (citing Fed.R.Crim.P. 32.1(a)(2) Advisory Committee Notes) (emphasis added). The credibility of witnesses who testify at revocation hearings is best left to the district court. Tham, 884 F.2d at 1265.
 
 
 5
 Here, the district court conducted three separate hearings before entering the Order Revoking Probation and sentencing Harsh to thirty months' imprisonment. With or without the testimony of Michael Jones, the record contained sufficient documentary evidence and other testimony to support the district court's findings that Harsh committed the violations set forth in the Order Revoking Probation, whether Harsh admitted them or not.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Technically, under 18 U.S.C. § 3565(a), "a" single violation, regardless of the severity, is all that is required to support the revocation of probation. Having found much more than a single violation in this case, the district court clearly had authority to "revoke [Harsh's] probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, [to] impose any sentence which might originally have been imposed." 18 U.S.C. § 3653 (repealed Nov. 1, 1987, but still applicable to offenses committed prior to Nov. 1, 1987); see also United States v. Freeman, 922 F.2d 1393, 1395 n. 3 (9th Cir.1991). "[I]n the event of revocation," the length of sentence is discretionary. Higdon v. United States, 627 F.2d 893, 900 (9th Cir.1980). Here, the district court's imposition of a thirty-month sentence was well within the consecutive three-year sentence previously imposed, but suspended, on Harsh's conviction for filing a false tax return