141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Raymond STEWART, aka Raymond Gonzalez, Defendant-Appellant.
 No. 97-10050.
D.C. No. CR-92-00110-PMP.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raymond Stewart appeals the district court's judgment revoking his probation and sentencing him to a 180-month term of imprisonment. He contends that the district court erred by: (1) failing to consider evidence presented by the defense; and (2) failing to consider the Guidelines policy statements when it imposed sentence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, and we affirm.
 
 
 3
 Stewart contends the district court abused its discretion and denied him his due process right to present evidence on his behalf by refusing to consider evidence of another man's ownership of the drugs. This contention lacks merit.
 
 
 4
 The district court specifically considered Paul Comeaux's affidavit as well as additional testimony regarding his ownership of the drugs but found that it lacked sufficient reliability or credibility to overcome the testimony of the three officers. Because the credibility of witnesses is best left to the district court, we cannot say that the district court abused its discretion by finding that Stewart violated condition one of his probation. See United States v. Tham, 884 F.2d 1262, 1265-66 (9th Cir.1989).
 
 
 5
 Stewart next contends the district court erred by sentencing him without first considering the sentencing range set forth in the policy statements of USSG § 7B1.4. This contention lacks merit.
 
 
 6
 At sentencing, both parties pointed out the availability of the policy range as did the amended recommendation prepared by the probation department. In imposing sentence, the district court stated it agreed with the analysis of the probation department and was therefore following its recommendation to sentence Stewart to 180 months imprisonment. Accordingly, we cannot say that the district court failed to consider the policy statements of Chapter 7 prior to sentencing. See United States v. Nieblas, 115 F.3d 703, 706 (9th Cir.1997); United States v. Plunkett, 94 F.3d 517, 519 (9th Cir.1996); cf. United States v. Baclaan, 948 F.2d 628 (9th Cir.1991) (per curiam) (remanding where district judge's comments at sentencing showed he erroneously believed he could not consider policy statement range).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3