FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10135 |
| Plaintiff - Appellee, | D.C. No. 2:01-CR-00268-PGR |
| v. | |
| MARK FLYNN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted May 25, 2010 [**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Mark Flynn appeals from the 3-month sentence imposed following revocation of his probation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Flynn contends that the district court committed plain error when it found that there was a factual basis supporting Flynn's admission that he violated a condition of his probation. Even if the court plainly erred as Flynn contends, he has failed to show that any error affected his substantial rights, or that it seriously affected the fairness of Flynn's probation revocation proceedings. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

Flynn also contends that the district court abused its discretion when it revoked his probation given the de minimis nature of the violation. The district court did not abuse its discretion. *See United States v. Tham*, 884 F.2d 1262, 1266 (9th Cir. 1989) ("Tham argues that his violations of the conditions of probation were technical, and that his probation accordingly should not have been revoked. . . . We cannot say the district court abused its discretion in revoking Tham's probation for violations of his probation conditions.").

Flynn also contends that his sentence was substantively unreasonable. The sentence was reasonable in light of the court's emphasis on Flynn's breach of trust. *See* U.S.S.G. Ch. 7, Pt. A(3)(b); *see also United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) ("[A]t a revocation sentencing, a court may appropriately sanction a violator for his breach of trust[.]") (internal quotation marks omitted).

**AFFIRMED**.