**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10420 |
| Plaintiff - Appellee, | D.C. No. 2:00-cr-00076-LDG |
| v. | |
| LEROY ROOSEVELT MACK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted May 24, 2016[**]

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Leroy Roosevelt Mack appeals from the district court's judgment and

challenges the revocation of supervised release and 14-month sentence imposed

upon revocation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Mack contends that the district court abused its discretion by revoking his supervised release because he was not provided with adequate written notice of his alleged violations and because there was insufficient evidence to establish the violations by a preponderance of the evidence. These claims fail. The petition for summons notified Mack of the conditions that he allegedly violated, along with the dates and details of the alleged violations. This is sufficient to satisfy due process and Federal Rule of Criminal Procedure 32.1. *See United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989). Moreover, viewed in the light most favorable to the government, the evidence was sufficient to support the district court's finding that Mack violated the terms of his supervised release. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010). Accordingly, the district court did not abuse its discretion by revoking Mack's supervised release. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

Mack also contends that the district court procedurally erred by failing to explain the sentence adequately and by failing to consider the policy statements contained in Chapter 7 of the Sentencing Guidelines. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court adequately explained the

within-Guidelines sentence and considered the applicable sentencing factors. *See*

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

**AFFIRMED.**

15-10420