NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RYAN SCOT FRANKFORTER,<br><br>Defendant-Appellant. | No.   20-30249<br><br>D.C. No.<br>6:15-cr-00011-CCL-5<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted December 7, 2021**
Seattle, Washington

Before:  McKEOWN, CHRISTEN, and BADE, Circuit Judges.

Ryan Scot Frankforter appeals the sentence he received upon his third

revocation of supervised release.  Frankforter admitted to violating, or was found

guilty of violating, a total of nine conditions of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1.    Frankforter contends that the district court violated his due process rights and Rule 32 of the Federal Rules of Criminal Procedure by sentencing him based on facts not known to him before the hearing. *See United States v. Havier*, 155 F.3d 1090, 1092–93 (9th Cir. 1998) (discussing due process requirements related to revocation of supervised release); *United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989) (same). This claim fails. The petition for warrant notified Frankforter of the conditions that he allegedly violated, along with the dates and details of the alleged violations. *See Tham*, 884 F.2d at 1265. This detailed description was sufficient to provide Frankforter notice of the facts the court would consider at sentencing.

Moreover, there is no evidence that in the absence of the alleged error (we find none), Frankforter would have received a shorter sentence. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010) ("If there was any error, the error was harmless in that there is no evidence any of these alleged errors, if changed, would result in a shorter sentence for any of the Defendants."); *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (explaining that due process violations are subject to harmless error review). The supervised release violations were all Grade C violations, and each carried the same maximum of twenty-four months' imprisonment for Frankforter's revocation sentence because the offense that resulted in supervised release was a class C felony. 18 U.S.C. § 3583(e)(3). Considering

Frankforter's nine violations of his supervised release conditions, any error in the court's consideration of certain facts at sentencing was harmless because there is no indication that Frankforter would have received a shorter sentence. *See Ali*, 620 F.3d at 1074.

2.     Frankforter contends that, in setting his term of imprisonment, the district court erred by impermissibly considering rehabilitation as a basis for that sentence. *See Tapia v. United States*, 564 U.S. 319, 335 (2011) ("[A] court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise promote rehabilitation."). The district court did not err in noting the opportunities for, and benefits of, treatment. *Id*. at 334. And the district court's comments do not indicate that it imposed the twenty-four-month prison sentence for the purpose of facilitating Frankforter's rehabilitation. The court considered the relevant § 3553(a) factors—the nature and circumstances of the offense, Frankforter's history and characteristics, the need to deter him from further criminal conduct, the need to protect the community from future crimes by him, and to continue to provide him with needed correctional treatment in the most effective manner. *See* 18 U.S.C. § 3583(e)(3). The court noted that Frankforter's violations of his supervised release conditions reflected his dishonesty and were a breach of the court's trust.

3.     Frankforter argues that his prison sentence was substantively

unreasonable. *See United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (explaining that this court will set aside a sentence only if it is procedurally erroneous or substantively unreasonable). The record reflects that the sentence imposed is substantively reasonable considering the totality of the circumstances—Frankforter's supervised release had twice been revoked for violating conditions of supervised release, his previous revocation sentences did not deter him from further violations, and his behavior posed a risk to the public and displayed an unwillingness or inability to comply with release conditions—and the sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3583(e). *See Gall v. United States*, 552 U.S. 38, 51–52 (2007); *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009).

**AFFIRMED.**