**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-30248 |
| Plaintiff-Appellee, | D.C. No. 6:15-cr-00013-CCL-1 |
| v. | |
| RIAN WAYNE BREIDENBACH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted December 7, 2021[**]
Seattle, Washington

Before:  McKEOWN, CHRISTEN, and BADE, Circuit Judges.

Rian Wayne Breidenbach appeals from the district court's revocation of

supervised release and imposition of an eighteen-month term of imprisonment

followed by lifetime supervised release.  Breidenbach admitted to violating one

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supervised-release condition and was found guilty of violating a second. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether a defendant received sufficient notice to satisfy due process and Rule 32.1 of the Federal Rules of Criminal Procedure. *United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998).

Breidenbach received sufficient notice of the facts underlying the district court's supervised-release revocation sentence to satisfy due process and Rule 32.1. Breidenbach's revocation petition detailed (1) the specific terms of supervised release that he was either found to have violated or admitted to violating, and (2) the facts underlying those violations, including the general dates of Breidenbach's violations, the location where they occurred, and the specific conduct involved. This information was sufficient to provide Breidenbach notice of the facts the court would consider at sentencing. *See United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989). The probation officer's reference at the revocation hearing to Breidenbach's treatment failures does not implicate Breidenbach's notice rights. Instead, the record reflects that the court rested its sentencing decision on the similarity between the manner and content of Breidenbach's supervised release violations and the conduct underlying Breidenbach's original conviction and the recency of the violations to Breidenbach's commencement of supervised release. These facts were described in sufficient detail in Breidenbach's revocation petition to satisfy due process and Rule

32.1.  *Id.*  Further, we discern no indication in the record that the court would have reduced its sentence had the probation officer declined to mention Breidenbach's treatment failures at the sentencing hearing.  Rather, the district court premised its sentence on the "egregious" nature of Breidenbach's violation.  *See United States v. Ali*, 620 F.3d 1062, 1074 (2010).

Nor did the district court impermissibly consider rehabilitation as a basis for Breidenbach's sentence.  *See Tapia v. United States*, 564 U.S. 319, 335 (2011) ("[A] court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation.").  The district court's comments do not indicate that it imposed its sentence for the purpose of facilitating Breidenbach's rehabilitation.  Instead, the court considered the relevant § 3553(a) factors—the nature and circumstances of the offense, Breidenbach's history and characteristics, the need to deter him from further criminal conduct, the need to protect the community from future crimes by him, the need to continue to provide him with needed correctional treatment in the most effective manner, and the relevant policy statements issued by the Sentencing Commission.  *See* 18 U.S.C. §§ 3565(a), 3583(e).  The court also noted that Breidenbach's conduct in violating his supervised release conditions was exceptionally similar to the conduct that resulted in his conviction.  *See* 18 U.S.C. §§ 3583(e), 3553(A)(2)(C) (listing

sentencing factors on revocation of supervised release and including "to protect the public from further crimes of the defendant").

Finally, Breidenbach's sentence was substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 47 (2007). The eighteen-month prison sentence exceeded the Sentencing Guidelines Policy Statement recommendation but was below the twenty-four-month statutory maximum. U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(a) (U.S. SENT'G COMM'N 2018); 18 U.S.C. § 3583(e)(3). The lifetime supervised-release condition was within the Sentencing Guidelines recommendation and the statutory range. U.S. SENTENCING GUIDELINES MANUAL § 7B1.3(g)(2) (U.S. SENT'G COMM'N 2018); 18 U.S.C. § 3583(k). Considering the totality of the circumstances, the district court did not abuse its discretion in issuing Breidenbach's sentence. *See Gall*, 522 U.S. at 51.

**AFFIRMED.**