**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lupe DAVILA, Defendant-Appellant.**

**No. 77–1601.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1977.

Decided April 14, 1978.

William J. Stevens, Chicago, Ill., for defendant-appellant.

Richard C. Leng, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.*

---

* The Hon. William J. Campbell, United States District Court for the Northern District of Illinois, is sitting by designation.

BAUER, Circuit Judge.

Lupe Davila was convicted of heroin distribution in September 1975 and placed on three years probation. The conditions of probation initially required Davila's participation in an institutional drug abuse program, but the lower court later amended the conditions to provide for additional drug abuse treatment under the supervision of the probation department. Thus, when Davila allegedly failed to keep several appointments with his probation officer, the Government filed a motion for a rule to show cause why probation should not be revoked.

On the basis of the Government's representations, the district court granted the motion and issued a bench warrant for Davila's arrest. On May 19, 1977, Davila was brought before the court, and, at that time, the Government informed him of the grounds on which it sought revocation of his probation. After a revocation hearing held on June 1, 1977, the district court revoked Davila's probation and sentenced him to the custody of the Attorney General for a period of three years.

On appeal, Davila argues that the Government's failure to provide any written notice of the alleged violations of probation denied him due process of law. We agree.

[redacted] It is clear from the Supreme Court's decision in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1972) that the "minimum requirements of due process" which govern the revocation of probation are precisely the same as those established in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), for parole revocation proceedings. More precisely, in *Gagnon,* the Court held that the probationer, no less than the parolee, is entitled to both a preliminary and final hearing which satisfy the following due process criteria:

> "At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing. [Citation omitted.] The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the 'minimum requirements of due process' include very similar elements:
>
> '(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking [probation or] parole.' *Morrissey v. Brewer, supra,* at 489, [92 S.Ct. 2593 at 2604]."

411 U.S. at 786, 92 S.Ct. at 1761.

[redacted] It is apparently the Government's position that Davila received adequate notice because (1) he was served with a rule to show cause why probation should not be revoked; and (2) he was informed at his May 19 court appearance of the grounds on which the Government sought to revoke his probation. This claim, however, simply cannot be squared with the explicit language of *Morrissey* and *Gagnon.* While it is perhaps unclear what kind of notice is required for the preliminary hearing, see *United States v. Pattman,* 535 F.2d 1062 (8th Cir. 1976), it cannot be questioned that "*written* notice of the claimed violations of probation" is required for the final hearing. 411 U.S. at 786, 92 S.Ct. at 1761 (emphasis supplied). In this case, it was not until the final hearing itself that Davila received any written petition, motion or rule which specified the grounds on which the Government sought to revoke his probation. Our in-

quiry need go no further than this, for it is quite apparent that the written notice required by *Gagnon* must be given before the final hearing to satisfy the requirements of due process. The district court's order of revocation is therefore reversed, and the case remanded for a determination of probation revocation which comports with the requirements of *Morrissey* and *Gagnon*.

Reversed and Remanded.