**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gary E. BENNETT, Defendant–**
**Appellant.**

Nos. 89–2950, 89–2999.

United States Court of Appeals,
Seventh Circuit.

Argued April 6, 1990.

Remanded Aug. 14, 1990.

Decided Jan. 28, 1992.

Grant C. Johnson, Asst. U.S. Atty., Madison, Wis. (argued), for plaintiff-appellee in No. 89–2950.

Richard D. Humphrey, Asst. U.S. Atty., Madison, Wis. (argued), for plaintiff-appellee in No. 89–2999.

Earl H. Munson, LaFollette & Sinykin, Madison, Wis. (argued), for defendant-appellant.

Before COFFEY, MANION and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Gary Bennett pleaded guilty to two counts of mail fraud arising from an odometer rollback scheme at the automobile dealership which he owned in violation of 18 U.S.C. § 1341. The district court imposed consecutive five-year sentences of imprisonment and ordered Bennett to pay restitution of $137,000.00. Bennett moved for a reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure and the district court reduced his sentence to three years imprisonment and a five year term of probation. At the time of the hearing, Bennett had settled with several customers and owed $55,-407.90. The court reviewed an audited statement of his financial condition and ordered that he make payments of at least

$500.00 per month in restitution as a condition of probation.

When Bennett was released from prison he began trading at the Minneapolis Grain Exchange. He stopped making the required monthly payments after he lost his investment. At that time, Bennett had paid only $5,500.00 in restitution, leaving a balance of $49,907.90. At the revocation hearing, the district court considered the manner with which Bennett dealt with available assets to determine whether he used all reasonable efforts to make restitution. The court found that during the time when Bennett was required to make restitution payments he failed to pursue marital assets in a divorce proceeding, he made substantial payments on a boat, he gave $50,000.00 from the sale of his business to his mother for a prior business loan, he received an automobile worth $10,000.00 in lieu of cash from that sale, and he transferred title to real estate back to the lienholder without receiving any part of his $9,000 net value.[1] The court also found that Bennett's involvement in the commodities market was "reckless." The court concluded that Bennett had numerous opportunities to make restitution but "thumbed his nose" at the Court and the victims. Accordingly, the court revoked his probation despite the recommendation of the U.S. Attorney and the probation office that the court defer a decision on revocation for six months to give Bennett an opportunity to find employment that would enable him to make restitution. The court imposed the maximum sentence of five years incarceration and denied Bennett's motion for reconsideration. Bennett appeals and we affirm.[2]

■ Whether to revoke probation is within a district court's discretion. On appeal, we review a decision revoking probation only for abuse of that discretion. *United States v. Warner*, 830 F.2d 651, 655 (7th Cir.1987). In determining whether to revoke probation, the district court must consider whether the probationer has violated a condition of probation and whether that violation warrants revocation. *Black v. Romano*, 471 U.S. 606, 611, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985). The district judge must only be satisfied that the conduct of the probationer has not been as good as required by the conditions of probation. *United States v. Verbeke*, 853 F.2d 537, 539 (7th Cir.1988).

■ Bennett does not dispute that he violated a condition of probation by failing to make the required monthly restitution payments. He contends, however, that the district court did not revoke probation for that violation, but rather his probation was revoked because he violated a condition of probation—that he use all his assets to pay restitution before paying other debts—of which he had no notice. He argues that this violated his due process rights. *See Bearden v. Georgia*, 461 U.S. 660, 666 n. 7, 103 S.Ct. 2064, 2069 n. 7, 76 L.Ed.2d 221 (1983).

■ We disagree with Bennett's characterization of statements made by the district court in revoking his probation. The court properly considered Bennett's dissipation of assets in determining whether he recklessly disregarded his restitution obligation. *Bearden*, 461 U.S. at 672, 103 S.Ct. at 2037 (sentencing court must inquire into reasons for failure to pay). Bennett's probation was revoked because he failed to use all reasonable efforts to make restitution. Bennett correctly asserts that

1. Bennett apparently agreed that the proceeds from the sale of the property would be given to the clerk of the court by the lienholder. At the time of the hearing on Bennett's motion for reconsideration, however, it was unclear whether any money had been submitted.

2. On Bennett's first appeal, we remanded this case to the district court for further findings in light of *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) (whether imposition of restitution as part of Bennett's sentence was appropriate) without issuing an opinion. The district court found *Hughey* inapplicable and Bennett filed a second appeal challenging that decision. This court affirmed the district court. Bennett filed a petition for rehearing with suggestion for rehearing *en banc* and this court issued a mandate. We then granted Bennett's subsequent motion to recall the mandate because our opinion affirming the district court's finding that *Hughey* is inapplicable did not address the issues raised in Bennett's original appeal. We now address those issues.

his probation should not have been revoked if his failure to pay restitution was based upon the fact that he is indigent through no fault of his own. *Id.* 461 U.S. at 668–69, 103 S.Ct. at 2070–71. However, considering the manner in which Bennett distributed the available assets, the district court reasonably concluded that he was unable to pay through his own fault. The court rejected Bennett's argument that he made a series of good faith decisions to pay other debts and establish himself as a commodities trader, and found that he had no intention of making restitution. *See Warner,* 830 F.2d at 657–58 (court could consider mitigating factors of good faith and lack of willfulness but find probation violation). Under the circumstances, we cannot say that the district court abused its discretion in revoking Bennett's probation.

Bennett's other arguments are without merit and warrant no discussion.

The district court's judgment revoking Bennett's probation is AFFIRMED.