979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard A. ELDER, Defendant-Appellant.
 No. 91-3436.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1992.*
Decided Nov. 19, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard A. Elder pleaded guilty to possessing and transferring an unregistered machine gun in violation of 26 U.S.C. §§ 5861(d) and (e), and was sentenced to three years imprisonment followed by five years of probation. While on probation, Elder's probation officer filed a petition alleging that he violated conditions of his probation. Following a hearing, the district court agreed with the officer, revoked Elder's probation, and sentenced him to four years imprisonment. This appeal followed.
 
 
 2
 Elder contends that the district court abused its discretion in revoking his probation because it failed to consider his good faith efforts to comply with the conditions of his probation and the mitigating circumstances which excused his noncompliance. We disagree. During the probation revocation hearing, the district court found that Elder violated his probation when he repeatedly tested positive for marijuana and cocaine use, and when the police arrested him on charges of criminal recklessness for threatening to set his house on fire. The court considered Elder's emotional and financial problems but found that these problems did not justify the violations. We conclude that the district court's findings were supported by a preponderence of the evidence, and therefore its decision to revoke probation was not an abuse of discretion. United States v. Bennett, 955 F.2d 23, 24 (7th Cir.), cert. denied, 112 S.Ct. 2970 (1992); United States v. Dillard, 910 F.2d 461, 464 (7th Cir.1990); United States v. Barber, 881 F.2d 345, 349 (7th Cir.1989), cert. denied, 495 U.S. 922 (1990).
 
 
 3
 Elder also contends that the district court abused its discretion in admitting the hearsay testimony of the probation officer regarding his wife's filing battery charges against him. We again disagree. The Federal Rules of Evidence do not apply at probation revocation hearings, and hearsay testimony is admissible. United States v. Verbeke, 853 F.2d 537, 539 (7th Cir.1988). In addition, Elder had the opportunity to cross-examine the probation officer about the charges, and Mrs. Elder herself admitted to filing one such charge. In any event, the officer's testimony was not admitted to prove the probation violations, and the district court did not rely on it to revoke Elder's probation.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record