**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**J. Michael KIRTLEY, Defendant–
Appellant.**

No. 93–1374.

United States Court of Appeals,
Seventh Circuit.

Argued June 10, 1993.

Decided Sept. 27, 1993.

Rehearing Denied Nov. 8, 1993.

Lawrence Beaumont, Office of the U.S. Atty., Danville, IL (argued), for plaintiff-appellee.

David J. Ryan, Dukes, Martin, Helm & Ryan, Danville, IL (argued), for defendant-appellant.

Before POSNER and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

When J. Michael Kirtley ("Kirtley") violated a condition of his probation, his probation officer and the United States Attorneys' Office filed separate motions to notify the district court of the violations. After a hearing, the district court revoked Kirtley's probation. Kirtley appeals the revocation of his probation, arguing that the written notice supplied to him was insufficient to meet the requirements of Federal Rule of Criminal Procedure 32.1(a)(2)(A) and the due process clause of the United States Constitution. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We affirm.

## I.

Kirtley was indicted for one count of bank fraud in violation of 18 U.S.C. § 1344. After accepting Kirtley's guilty plea, the district court sentenced Kirtley to two years of probation. As a specific condition of Kirtley's probation, he could not commit any federal, state or local crimes. Kirtley violated that condition when he practiced law without authorization in violation of Illinois law. 720 ILCS 5/32–5 (1993) (formerly Ill.Rev.Stat. ch. 38, para. 32–5). During the two months after his suspension by the Illinois Supreme Court, Kirtley participated in various real estate transactions and represented clients in the United States Bankruptcy Court. Therefore, his probation officer filed a Petition on Probation and Supervised Release (the "probation officer's motion"), which set forth the two-month period during which Kirtley committed the violations and sought a warrant for his arrest. On the same day, the United States (the "government") filed a Motion for Revocation of Probation (the "government's motion"), which described only those violations involving the United States Bankruptcy Court.

The district court issued a warrant for Kirtley's arrest. After his arrest, Kirtley appeared before District Judge Harold Baker. At that time, Kirtley was advised of the charges against him, given a written copy of both motions and released pending his preliminary hearing. At his preliminary hearing before Magistrate Judge Robert J. Kauffman, the government attempted to introduce evidence of the real estate transactions. Kirtley objected to this evidence, on the ground that it was irrelevant to the government's motion. Kirtley also argued that since the relief sought in the probation officer's motion, a warrant for his arrest, had been granted, the petition was no longer before the court. Magistrate Judge Kauffman overruled the objection and allowed the evidence regarding the real estate transactions. After finding probable cause that Kirtley may have violated conditions of his probation, Magistrate Judge Kauffman set the matter for final hearing before District Judge Mihm.

At the final hearing, Kirtley again objected to the admission of evidence regarding the real estate transactions. Judge Mihm overruled the objection, and held that the language of the probation officer's motion, especially in light of the actual notice regarding the real estate transactions that Kirtley received at the preliminary hearing, was sufficient to safeguard Kirtley's due process rights. At the conclusion of the hearing, Judge Mihm found that Kirtley's continued participation in real estate transactions violated his probation, but that because Kirtley was still admitted in the federal bar, his bankruptcy activities did not. Judge Mihm then revoked Kirtley's probation and sentenced him to five months in prison and two months of supervised release. Kirtley instituted this appeal.

## II.

This Court ordinarily reviews a district court's decision to revoke probation for an abuse of discretion. *United States v. Bennett*, 955 F.2d 23, 24 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992). The question of whether Kirtley received sufficient written notice to satisfy Fed.R.Crim.P. 32.1(a)(2)(A) and the due process clause requires a less deferential standard of review, however, because it involves the application of a legal standard to the facts of a particular case. Such a question is often termed a "mixed question of fact and law," which this Circuit reviews under a

clearly erroneous standard.[1] *Federal Deposit Ins. Corp. v. Bierman,* 2 F.3d 1424 (7th Cir.1993); *Williams v. Comm'r of Internal Revenue,* 1 F.3d 502 (7th Cir.1993); *United States v. Spears,* 965 F.2d 262, 270–71 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 502, 121 L.Ed.2d 438 (1992).

■ We engage in a two-step inquiry to evaluate due process claims. First, we must determine whether Kirtley was deprived of a protected due process interest. *Crane v. Logli,* 992 F.2d 136, 138 (7th Cir.1993). If so, we must then determine whether the procedures resulting in the deprivation were constitutionally sufficient. *Id.* The first step of our inquiry is quickly disposed of, because the Supreme Court has held that because probation revocation results in a loss of liberty, the probationer is thus entitled to the "minimum requirements of due process." *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 786, 93 S.Ct. 1756, 1759, 1761, 36 L.Ed.2d 656 (1973).

■ Because Kirtley was deprived of a protected liberty interest, we now consider whether the written notice of his probation violations met the "minimum requirements of due process" required by the Constitution. Due process rights of a probationer are not interpreted very broadly, since "[p]robation revocation hearings are not a part of the criminal prosecution which results in imposition of the probationary period. A probationer ... facing revocation is not entitled therefore to the full panoply of constitutional and statutory rights due a defendant facing a criminal prosecution." *Thompson v. Reivitz,* 746 F.2d 397, 399 (7th Cir.1984), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2332, 85 L.Ed.2d 849 (1985), citing *Morrissey v. Brewer,* 408 U.S. 471, 480, 489, 92 S.Ct. 2593, 2599, 2604, 33 L.Ed.2d 484 (1972) and *Scarpelli,* 411 U.S. at 781–82, 93 S.Ct. at 1759. However, probationers are entitled to certain due process rights, as described by the *Scarpelli* court. 411 U.S. at 786, 93 S.Ct. at 1761, citing *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604. Along with other rights, the written notice requirement described in *Scarpelli* and *Morrissey* has been incorporated into the Federal Rules of Criminal Procedure.[2] *See* the Advisory Committee Notes to Fed.R.Crim.P. 32.1 (discussing the derivation of Rule 32.1 from *Scarpelli* and *Morrissey* ).

Kirtley argues that the written notice he received prior to his final revocation hearing was inadequate to inform him that the government would be relying on the real estate transactions to revoke his probation. The government's motion was narrowly drafted, setting forth six specific instances in which Kirtley violated his probation by continuing to practice law in contravention of Illinois statute. These enumerated instances all involved Kirtley's practice before the bankruptcy court and cannot be read to include the real estate transactions. Therefore, the government's motion does not serve as adequate written notice of those violations. However, we see no reason that the existence of the government's motion should serve to nullify the notice given by the probation officer's motion, if that petition would have been sufficient standing alone. We will therefore consider whether the notice provided by the probation officer's motion was constitutionally sufficient.

■ As a preliminary matter, we address Kirtley's argument that the probation offi-

---

**1.** We note that the Third Circuit recently applied a plenary review standard to a due process claim in a probation revocation case, though it provided no explanation for its use of that standard. *United States v. Barnhart,* 980 F.2d 219, 222 (3rd Cir.1992). The disparity in review standards is not a cause for great concern in the instant case, however, because we would arrive at the same result under either standard.

**2.** Rule 32.1(a)(2) sets out the following requirements for final hearings in the probation revocation context:

**Revocation Hearing.** The revocation hearing, unless waived by the person, shall be held within a reasonable time in the district of jurisdiction. The person shall be given

(A) written notice of the alleged violation;

(B) disclosure of the evidence against the person;

(C) an opportunity to appear and to present evidence in the person's own behalf;

(D) the opportunity to question adverse witnesses; and

(E) notice of the person's right to be represented by counsel.

Fed.R.Crim.P. 32.1(a)(2).

cer's motion was moot by the time of his final probation revocation hearing, because the relief it sought, a warrant for Kirtley's arrest, had already been granted. We disagree. At Kirtley's preliminary hearing, the government stated that it was proceeding under both motions. (Preliminary Hearing Tr. 4, 8.) Therefore, Magistrate Judge Kauffman admitted the evidence regarding the real estate transactions. (*Id.* at 8.) At Kirtley's final hearing, Judge Mihm noted that he usually relied on the matters alleged in a probation officer's motion in revoking probation, because the government does not normally file a separate motion. (Final Hearing Tr. 8.) Thus, Judge Mihm relied on the probation officer's motion in admitting the real estate evidence. Furthermore, we cannot imagine a circumstance in which a probation officer would seek a warrant for a probationer's arrest as the sole remedy for a violation, with no intention of proceeding further. In the ordinary course, we would expect that a probation officer would seek an arrest warrant for the purpose of securing the probationer's appearance at a probation revocation hearing. Therefore, although the probation officer could have been more explicit regarding the relief sought, the district court did not err in determining that the probation officer's petition was not moot and allowing the government to proceed under it.

Because the probation officer's motion was not moot, we consider Kirtley's argument that it did not provide him "written notice of the alleged violation" as required by Fed. R.Crim.P. 32.1(a)(2)(A) and the due process clause of the Constitution. The probation officer's motion was more broadly drafted than the government's motion. It set forth Kirtley's alleged probation violation as follows:

> Defendant violated a standard condition of probation, which states you shall not commit another Federal, State or local crime.
>
> On September 29, 1992, the State of Illinois Supreme Court suspended J. Michael Kirtley from the practice of law until fur-

ther order of the Court. The defendant practiced law in October and November, 1992, after his suspension; and therefore, committed unauthorized practice of law, which is found in Chapter 38, Illinois Revised Statutes, Section 32–5 (1990). Also, the defendant is in violation of Local Court Rule 1.2(E), which prohibits unauthorized practice of law and subject [sic] him to being held in contempt of Court.

(R. 23–2.) Because there is no Seventh Circuit authority, Kirtley argues that this notice does not meet the requirements for sufficient notice set forth by the Ninth Circuit, which is apparently the only circuit to consider this issue. *United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir.1989). In *Tham*, the Ninth Circuit held that the following notice was sufficient: "The petition notified Tham that he violated 'Condition No. 2 of the conditions of probation by associating with a convicted felon.' It specifies the general dates of these events, the location where they occurred, and the individuals involved." *Id.* The notice provided to the probationer in *Tham* stated the specific condition that the probationer violated, the general dates of the violation and some basic facts regarding the violation.[3] We agree with the Ninth Circuit that this is constitutionally sufficient notice. In the case now before us, the probation officer's petition similarly set forth the specific condition of probation that Kirtley violated and the two-month period during which the violations occurred, as well as some basic facts regarding the violation, such as the specific statute and rule Kirtley disobeyed and the exact date of his suspension. We therefore hold that the petition provided Kirtley with sufficient notice of the alleged violations of his probation.[4]

As part of his argument that the probation officer's motion was inadequate, Kirtley also contended that the evidence presented at his preliminary hearing could not substitute for

---

**3.** The identity of the individuals involved is necessary to establish that they were felons.

**4.** We wish to make clear that the notice Kirtley received represents the minimum acceptable no-

tice. In order to avoid close questions regarding adequate notice in the future, we urge probation officers and other government officials to include additional specificity where possible.

inadequate written notice,[5] citing *United States v. Davila*, 573 F.2d 986 (7th Cir.1978). *Davila*, however, is not helpful to Kirtley. In *Davila*, the probationer did not receive *any* written notice until the final hearing. *Id.* at 987. Instead, the probationer was served with a rule to show cause why probation should not be revoked and he was orally informed of the grounds for revocation at his preliminary hearing. *Id.* The *Davila* court held that this was not sufficient to meet the requirement that a probationer receive written notice; therefore, the court reversed and remanded for a proper probation revocation hearing. *Id.* at 988. In contrast, Kirtley received a copy of both the probation officer's motion and the government's motion at his preliminary hearing. The motions Kirtley received supplied written notice sufficient for the government to proceed with Kirtley's final probation revocation hearing; therefore, Kirtley's situation is simply not analogous to that of the probationer in *Davila*.

### III.

Because Kirtley received constitutionally sufficient notice of the violations which lead to the revocation of his probation, the district court's decision revoking Kirtley's probation and the resulting sentence are AFFIRMED.

**5.** Kirtley apparently undertook this argument because of the government's contention that he received complete discovery at his preliminary hearing. It appears likely that Kirtley received additional written documents at his preliminary hearing beyond the two motions. As it appears in the record, the probation officer's motion has attached to it several items, including letters from two attorneys setting forth the specific dates and parties involved in the real estate transactions. (R. 23; Ex. 2, 3.) These documents were used by the government at Kirtley's preliminary hearing. The government further alleges that Kirtley received copies of these documents prior to his final probation revocation hearing. The transcript of the final revocation hearing supports the government's assertion, but is not conclusive. The court specifically mentioned that Exhibits 1 through 8 were in its files (Final Hearing Tr. 5.) and Kirtley apparently received copies at the preliminary hearing. Because the probation officer's petition provided adequate written notice, we need not decide whether these documents may be considered in determining the sufficiency of a probationer's written notice. Certainly, these additional documents would have added specificity to Kirtley's written notice.