14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Rose L. BARTON, Defendant/Appellant.
 No. 92-2847.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.
Decided Dec. 23, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order revoking probation. The defendant's counsel, finding no non-frivolous grounds on which to base an appeal, has filed an "Anders " brief, and seeks leave to withdraw. Anders v. California, 386 U.S. 738 (1967). Because her counsel was unable to notify her of the motion, this court informed Barton of her right to respond, which she did not exercise. See Cir.R. 51(a).
 
 
 2
 In July 1992, Rose Barton admitted before the district court to violations of the conditions of her supervised release. The district court sentenced Barton to 18 months' incarceration. Barton filed a timely notice of appeal pro se, consisting of a two-page personal statement. No meritorious issues are raised in her statement. In his Anders brief, counsel raises only one possible ground for appeal: compliance with Federal Rule of Criminal Procedure 32.1.
 
 
 3
 It is clear that the requirements of Rule 32.1(a)(2)[1] are met. Barton received a copy of the Government's Rule to Show Cause and its supplement, which included the probation officer's violation report. This combination provides sufficient written notice of the alleged violations, and disclosure of the evidence against Barton. See United States v. Kirtley, 5 F.3d 1110, 1113 (7th Cir.1993). The district court judge specifically and clearly admonished Barton of her right to appear, to present evidence in her own behalf, to question adverse witnesses, and to be represented by counsel. Barton was present with her counsel and waived these rights.
 
 
 4
 Barton has no ground on which to appeal her sentence. Appeal of a sentence imposed under the Sentencing Guidelines is available only if the sentence was imposed in violation of law or as a result of an incorrect application of the Guidelines, or if the district court departed upward from the applicable guideline range. 18 U.S.C. Sec. 3742(a); Williams v. United States, 112 S.Ct. 1112, 1118 (1992). Applying U.S.S.G. Sec. 7B1.4, the district court set Barton's base offense level at a Class B violation, with a criminal history category of IV, resulting in a range of 12 to 18 months' imprisonment. Since the applicable range was properly determined, we are precluded from reviewing the district court's discretionary decision to impose a particular sentence within that range. United States v. Beal, 960 F.2d 629, 636 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992).
 
 
 5
 Barton might claim that she received ineffective assistance of counsel because her counsel recommended imposition of the maximum sentence within the guidelines range.[2] We generally cannot review ineffective assistance of counsel claims on direct appeal if the effectiveness of a trial lawyer's performance cannot be evaluated without an evidentiary hearing at which the lawyer is asked to explain why he chose a particular strategy. See Guinan v. United States, 6 F.3d 468 (7th Cir.1993); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991).
 
 
 6
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 Rule 32.1(a)(2) sets out the following requirements for probation revocation hearings:
 Revocation Hearing. The revocation hearing shall be held within a reasonable time in the district of jurisdiction. The person shall be given (A) written notice of the alleged violation; (B) disclosure of the evidence against the person; (C) an opportunity to appear and to present evidence in the person's own behalf; (D) the opportunity to question adverse witnesses; and (E) notice of the person's right to be represented by counsel.
 Fed.R.Crim.P. 32.1(a)(2).
 
 
 [2]
 Counsel for Ms. Barton adopted the probation officer's recommendation of 18 months' incarceration without any supervised release. The court clarified to Ms. Barton that her counsel was in fact recommending the maximum sentence. The court asked Ms. Barton if this was what she wanted, and reminded her that she "had every opportunity to say anything else" at that time. Ms. Barton did not object to the recommendation