46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Tina M. LUCKETT Defendant/Appellant.
 No. 93-3502.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.
Decided Feb. 10, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Tina Luckett pled guilty to making a false statement in violation of 18 U.S.C. Sec. 1001. The district court accepted the plea, and sentenced her to five years of probation and ordered her to make restitution of $2,679.00. In 1993, the district court revoked her probation after a hearing for various violations and sentenced her to three years of incarceration. Luckett's counsel, believing an appeal in this case to be frivolous, has filed a motion to withdraw as counsel and a brief pursuant to Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985); see Cir.R. 51(a). Luckett received notice of counsel's motion, Cir.R. 51(a), but has not filed a response. After an independent review, we conclude that there are no non-frivolous issues. We grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Counsel submits several potential issues for appeal. The first potential issue is whether there was sufficient evidence before the district court to revoke Luckett's probation. A second issue, closely tied to the first, is whether the district court abused its discretion in revoking her probation. United States v. Bennett, 955 F.2d 23, 24 (7th Cir.), cert. denied, 112 S.Ct. 2970 (1992) (decision regarding probation violations are reviewed for an abuse of discretion). There is more than ample evidence that Luckett violated several terms of her probation. Luckett failed to submit numerous monthly reports on time, was not at home for three scheduled home visits by a probation officer, failed to appear for appointments with her probation officer on several occasions, and failed to provide the required number of urine samples for drug testing. Sufficient evidence exists in the record for a rational trier of fact to find Luckett violated more than one of the conditions of her probation. Therefore, the district court did not abuse its discretion in revoking her probation.
 
 
 3
 The final potential issue is whether the district court's sentence was excessive. Our review of pre-Guidelines sentences is extremely narrow.[1] United States v. Nowicki, 870 F.2d 405, 406 (7th Cir.1989). A district court has wide discretion in sentencing determinations. United States v. Tucker, 404 U.S. 443, 446 (1972). A sentence will be vacated only if it exceeds statutory limits or the "sentencing judge relied upon improper considerations or unreliable information in exercising his (or her) discretion or failed to exercise any discretion at all in imposing the sentence." United States v. Ford, 840 F.2d 460, 466 (7th Cir.1988) (quoting United States v. Harris, 761 F.2d 394, 402-03 (7th Cir.1985). The district court may commit a defendant for the unserved portion of the sentence originally imposed.[2] 18 U.S.C. Sec. 1001 provides punishment of five years of imprisonment and/or $10,000. Imposition of a three year sentence was not excessive in this case.
 
 
 4
 We GRANT counsel's motion to withdraw and DISMISS Luckett's appeal.
 
 
 
 [1]
 The offense of conviction took place before the effective date of the Sentencing Guidelines
 
 
 [2]
 The district court imposed a sentence of three years, of which Luckett would serve one-third or one year, the minimum recommended in the pre-sentence report