65 F.3d 171
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dale TURNER, Defendant-Appellant.
 No. 95-1089.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 24, 1995.
Decided Aug. 25, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Appellant Dale Turner appeals the revocation of his probation. His attorney has moved to withdraw and filed an Anders brief.[1] We grant the motion to withdraw and dismiss the appeal.
 
 FACTS
 
 2
 Turner pled guilty to one count of making false statements in violation of 18 U.S.C. Sec. 1001. His guideline imprisonment range was calculated to be 0-6 months, based on an offense level of 3 and a criminal history category of II. On January 7, 1993, Judge Zagel sentenced Turner to 36 months probation, with the attendant requirements that the first 90 days be spent in work release and that Turner pay the costs of work release. Turner appealed the imposition of costs, and this court vacated the sentence, as to costs, on July 14, 1993. See United States v. Turner, 998 F.2d 534 (7th Cir.), cert. denied, 114 S.Ct. 639 (1993).
 
 
 3
 The government sought to revoke Turner's parole on June 16, 1994, due to Turner's failure to participate in the required drug screening program. Judge Zagel excused the violation, concluding Turner had been confused by a letter announcing the result in his appeal. (Hearing Transcript of June 16, 1994, pp. 3-5). On August 9, 1994, the government again sought the revocation of Turner's parole on the grounds of Turner's continued refusal to comply with the conditions of parole, notably drug testing. Judge Zagel concluded Turner's willful conduct warranted the revocation of parole, and sentenced him to 8 months in prison.[2] (Hearing Transcript of August 9, 1994).
 
 
 4
 Turner appealed the sentence on the grounds it was in violation of 18 U.S.C. Sec. 3565(a)(2), as greater than the sentence that was available at the time of original sentencing.[3] The government confessed error, and this court remanded for resentencing. (Order of November 21, 1994). Judge Zagel resentenced Turner to the six month maximum sentence available at the original sentencing, with credit for time served. (Hearing Transcript of December 21, 1994).
 
 ANALYSIS
 
 5
 Counsel has indicated there are no nonfrivolous issues worthy of appeal, and our independent review of the record reaches the same conclusion.
 
 
 6
 This court reviews a district court's decision to revoke probation for abuse of discretion. See United States v. Kirtley, 5 F.3d 1110, 1111, (7th Cir.1993); United States v. Bennett, 955 F.2d 23, 24 (7th Cir.), cert. denied, 112 S.Ct. 2970 (1992). Judge Zagel did not abuse his discretion. The probation officer's reports and Turner's own statements clearly indicate Turner had steadfastly refused to comply with the conditions of his probation. Judge Zagel sentenced Turner within a properly calculated guideline sentencing range, and provided appropriate reasons for his decision. Further, Turner was represented by counsel, received written notice of the alleged violations,[4] and was given ample opportunity to respond to the government's contentions. See Federal Rule of Criminal Procedure 32.1. Lastly, Turner is not entitled to credit for his three months of work release prior to the revocation. See U.S.S.G. Sec. 7B1.5(a), p.s.
 
 
 7
 MOTION TO WITHDRAW IS GRANTED AND THE CASE IS DISMISSED.
 
 
 
 [1]
 See Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51, Turner was notified of counsel's motion and given the opportunity to respond. He elected not to do so
 
 
 [2]
 The term was based upon the 4-10 month range calculated under U.S.S.G. Sec. 7B1.4, p.s., given a criminal history category of II and a grade "C" probation violation
 
 
 [3]
 This provision was amended effective September 13, 1994. The district judge is now no longer bound by the range set at the initial sentencing, but may "resentence the defendant under Subchapter A." 18 U.S.C. Sec. 3565(a)(2)
 
 
 [4]
 The government's rule to show cause, which included the probation officer's report, provided sufficient notice. See generally United States v. Kirtley, 5 F.3d 1110, 1113 (7th Cir.1993)