89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick WASHUM, Defendant-Appellant.
 No. 95-3411.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1996.
Decided June 6, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Patrick Washum's probation was revoked, and he was sentenced to ten months' imprisonment. Washum appealed, and his counsel filed a motion to withdraw with an Anders brief.[1] We grant the motion to withdraw and dismiss the appeal.
 
 BACKGROUND
 
 2
 On February 7, 1991, Washum was charged with one count of Theft of Government Property, 18 U.S.C. § 641 ("Count I"), and one count of Making False Statements, 18 U.S.C. § 1001 ("Count II"). On May 28, 1991, Washum pled guilty to Count I. He was sentenced on September 9, 1991. His offense level was determined to be nine, his criminal history category to be I, and his guideline range to be 4-10 months. Washum was sentenced to four months' home confinement, pursuant to U.S.S.G. § 5C.1(c), and five years of probation. Washum was further ordered to pay $10,141 in restitution.
 
 
 3
 On May 5, 1995, Washum pled guilty to two counts of Criminal Sexual Assault, 720 ILCS 5/12-13(a)(3), in the Circuit Court of Sangamon County, Illinois, and was sentenced to four years' probation. In addition, between October 20, 1993 and December 3, 1994, Washum committed several traffic violations, and pled guilty to all of them. The most serious of the traffic offenses was driving under the influence of alcohol, for which he was sentenced to one year of supervision and a $500 fine.
 
 
 4
 The Probation Office filed a petition for the revocation of Washum's probation on July 17, 1995. (Record # 36). A probation revocation hearing was held on October 2, 1995, at which Washum admitted all the violations listed in the petition. (Record # 66). Judge Mills revoked Washum's probation, and sentenced him to ten months' imprisonment, three years of supervised release, and ordered that the balance of the unpaid restitution be paid.
 
 ANALYSIS
 
 5
 Counsel raises the issue of whether Washum was properly sentenced. Washum challenges the imposition of a term of supervised release and claims ineffective assistance of counsel.[2] In addition to evaluating those claims, this court makes an independent review of the record. If we agree with counsel's conclusion that there are no viable issues to appeal, we will grant the motion to withdraw and dismiss the appeal. See United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994).
 
 
 6
 This court reviews a district court's decision to revoke probation for abuse of discretion. See United States v. Kirtley, 5 F.3d 1110, 1111 (7th Cir.1993). Judge Mills did not abuse his discretion.
 
 
 7
 The probation officer alleged that Washum had violated standard condition # 1 of his probation: "You shall not commit another federal, state or local crime", and standard condition #8 of his probation: "You shall refrain from excessive use of alcohol...."[3] The government introduced the relevant record of Washum's state court convictions, and Washum affirmatively confessed to the violations. This evidence provided ample support for Judge Mill's decision to revoke probation. Further, the revocation proceeding complied with all the requirements of Fed.R.Crim.P. 32.1.
 
 
 8
 As to sentencing, Chapter 7, Part B of the guidelines, which deals with the revocation of probation, is a policy statement, and is not binding on the sentencing judge. See United States v. Doss, No. 95-2196, slip. op. at 4 (7th Cir. March 25, 1996). However, the policy statement is to be accorded great weight, and it is an abuse of discretion for the district judge to totally disregard it. Id. When a judge properly exercises his sentencing discretion in such circumstances, this court reviews the sentence only to ascertain whether it is plainly unreasonable. United States v. Lee, No. 95-2924, slip. op. at 3 (7th Cir. March 20, 1996). Washum's sentence is entirely proper; Judge Mills followed the guideline provisions to the letter.
 
 
 9
 As Washum was convicted of a felony, his probation violation was properly classified as "Grade B".[4] See U.S.S.G. § 7B1.1(a)(2). Revocation of probation is mandatory for a Grade B violation. U.S.S.G. § 7B1.3(a)(1). Further, as Washum's criminal history category was I, his imprisonment range was 4-10 months. U.S.S.G. § 7B1.4 (revocation table). Judge Mills selected a sentence within that range. In addition, the three years of supervised release was proper, see U.S.S.G. § 5D1.2, as was the order reinstating the balance of the restitution from the original judgment, see U.S.S.G. § 7B1.3(d).
 
 
 10
 We do note that Judge Mills briefly believed, erroneously, that he could not sentence Washum to a term of supervised release after the period of imprisonment. (Record # 66 at 12-14). This misapprehension appeared to fuel his initial decision to sentence Washum to the maximum, as that would be the only period Washum would get counseling. (Id.) If Judge Mills had based his sentencing decision on an incorrect understanding of his discretion under the guidelines, an appeal would be appropriate. However, counsel promptly corrected Judge Mills' misapprehension. (Id. at 13-14). Further, Judge Mills' subsequent comments indicate he believed the sentence appropriate even after learning of his prior error. (Id. at 14-16).
 
 
 11
 As we find no nonfrivolous issues which warrant review on appeal, we GRANT the motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 See Anders v. California, 386 U.S. 738 (1967). Per Circuit Rule 51(a), Washum was notified of his counsel's actions and given the opportunity to respond. Washum has done so, raising two issues which are addressed herein
 
 
 [2]
 The ineffective assistance claim fails immediately; Washum relies on matters outside the record, so the claim must be brought in a Section 2255 proceeding
 
 
 [3]
 There are two harmless variances between the petition to revoke and the judgment of conviction. First, standard condition # 1 was actually special condition # 1 in the judgment, and standard condition # 8 was standard condition # 7 in the judgment. See Record # 24, 36. The record indicates Washum had proper notice of the allegations against him
 
 
 [4]
 Criminal sexual assault is a Class 1 felony. 720 ILCS 5/12-13(b). That Washum received probation for this offense is irrelevant; the grade of the violation is based upon the defendant's actual conduct. See U.S.S.G. § 7B1.1 comment. (n. 1)