95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James GRAGG, Defendant-Appellant.
 No. 96-1569.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 8, 1996.
Decided Aug. 9, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 The district court revoked James Gragg's probation and sentenced him to four and one half years imprisonment. Gragg appeals the court's order. His attorney has filed a motion to withdraw as counsel, stating that there are no non-frivolous issues to be decided on appeal. See Anders v. California, 386 U.S. 738 (1967). Counsel has also filed a brief in support of his position. Pursuant to Seventh Circuit Rule 51(a), Gragg has been notified of his attorney's actions and given the opportunity to respond. He has not done so. Having reviewed the record, we conclude that there exist no non-frivolous grounds for appeal. We therefore grant counsel's motion to withdraw and dismiss Gragg's appeal.
 
 
 2
 On November 1, 1985, Gragg was convicted (upon a guilty plea) of two counts of distribution of cocaine. 21 U.S.C. § 841(a)(1). He was sentenced to five years imprisonment plus a special parole term of three years on one count. For the second count Gragg's sentence was suspended and he was placed on probation for five years, with this term commencing upon the expiration of his parole. His conditions of probation included the requirement that he not violate any federal, state or local laws and that he submit to urinalysis drug testing. His probation commenced on November 4, 1995.
 
 
 3
 In January 1996, the government petitioned the court to revoke Gragg's parole because he had tested positive for cocaine on three occasions and failed to report for urinalysis testing on three other occasions. In February, the government filed a supplemental petition, alleging that Gragg had tested positive for cocaine one additional time and that he also failed to report for a drug test on another occasion. Judge Mills held a hearing on the government's petition. He concluded that Gragg had violated the law by possessing cocaine of four occasions and therefore revoked his probation. He held a subsequent hearing at which time he imposed a sentence of four and one-half years.
 
 
 4
 We review a district court's decision to revoke probation for an abuse of discretion. United States v. Kirtley, 5 F.3d 1110, 1111 (7th Cir.1993). A district judge has the authority to revoke probation if he is "reasonably satisfied" that the probationer did not meet the stated conditions. United States v. Levine, 983 F.2d 785, 787 (7th Cir.1993). In the present case, Judge Mills acted within his discretion in concluding that Gragg had violated the terms of his probation. Although the use of cocaine is not explicitly criminalized under federal law, we have held that where the defendant knowingly and voluntarily consumes a controlled substance he is deemed to have possessed it for purposes of revocation of supervised release. United States v. Young, 41 F.3d 1184, 1186 (7th Cir.1994).
 
 
 5
 In the present case, there was sufficient evidence from which Judge Mills could conclude that Gragg has used cocaine. Probation officer Mark Estock testified that lab tests from Pharmchem showed that Gragg had used cocaine. Estock testified that the each positive result was re-tested twice after the initial positive readings and that these showed the initial results to be correct. Judge Mills noted that because there had been a challenge to the lab tests performed by Pharmchem in a previous case in which he had presided, that an independent investigation was undertaken and showed Pharmchem's results to be accurate and its techniques to be thorough and proper. The judge also noted the fact that records showed that Gragg had signed a form each time he was tested indicating that the specimen to be tested was his and was sealed in his presence. In addition, Gragg testified that his probation/parole had been revoked in the past for cocaine possession. His only explanation for testing positive for cocaine was that at his place of work he was exposed to other persons smoking cocaine. In that Gragg was originally sentenced for a cocaine charge, had had his probation revoked in the past for cocaine possession, and missed several appointments for drug testing, the district judge was within his discretion in finding that Gragg possessed cocaine in violation of the conditions of his probation.
 
 
 6
 The judge also did not err in giving Gragg a sentence of four and one-half years. Gragg's conviction and sentence for which he was on probation took place prior to the implementation of the Sentencing Guidelines. Therefore, the judge was not required to consult the guidelines in determining what sentence to impose upon the revocation of Gragg's probation. The judge had broad discretion in choosing the sentence; we will only set the sentence aside if it exceeded the statutory maximum or if the judge used improper considerations in making his determination. United States v. Ford, 840 F.2d 460, 466 (7th Cir.1988). 18 U.S.C. § 3653 provides that upon the revocation of probation the district court may impose any sentence that might have been originally imposed. In the present case, the crime for which Gragg was serving probation was distribution of cocaine. The statute in effect at the time allowed for the imposition of up to 15 years of imprisonment. 21 U.S.C. § 841(b)(1)(A) (1981). Therefore, the district court had the authority to impose a four and one half year sentence.
 
 
 7
 Counsel's petition to withdraw is GRANTED and the appeal is DISMISSED.