111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel DACK, Defendant-Appellant.
 No. 96-2937.
 United States Court of Appeals, Seventh Circuit.
 Argued March 5, 1997.
Decided March 26, 1997.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In March 1991 Daniel Dack was indicted on two counts of tax evasion in the Northern District of Illinois[1] for not filing income tax returns, among other acts, in 1984 and 1985 in violation of 26 U.S.C. § 7201. On October 17, 1991, Daniel Dack was sentenced to three years in prison on count one and three years subsequent probation on count two. During his probation, a petition for revocation of probation was filed with the court alleging that Dack had filed a false tax return for 1995. After a hearing, the district court found Dack in violation of his probation and sentenced him to one year in prison. Dack appeals, contending that the written notice he received was deficient in violation of the due process clause. We affirm.
 
 
 2
 Dack worked as a self-employed truck driver and payments he received for services rendered were deposited into an account in the name of his sole proprietorship called Number One Transport. Dack then would take a "draw" from Number One Transport by making checks out to "cash" and describing these as "personal pay" in the lower left hand corner of the check. Conditions of Dack's probation included not violating any laws, following the instructions of his probation officer and filing a monthly statement of earnings or income to his probation officer. These reports included copies of the checks that Dack received from Number One Transport during the month. In April 1996 Dack's probation officer informed Dack that he had failed to disclose the $17,570 he had taken in "draws" from Number One Transport on his 1995 federal income tax return.[2] Consequently, the probation officer submitted a petition for revocation of probation in June 1996, alleging generally that Dack had violated his probation by filing a false tax return for 1995 and specifically stating that he had claimed an adjusted gross income of $0.00, and that "the defendant submitted a false federal income tax return when he claimed $0.00 for 'Wages, salaries, and tips.' "
 
 
 3
 The district court issued a summons to Dack based on the allegations in the petition and Dack appeared in court and was advised of the allegations against him. At the final hearing during which the government presented the testimony of Dack's probation officers, Dack presented no evidence but argued that he had not received sufficient notice of the probation violation because his income in 1995 was properly reported as "business income or loss," while the petition alleged that he had reported no income in the "wages, salaries, tips, etc." line. The district court rejected Dack's argument and sentenced Dack to one year in prison.
 
 
 4
 This court reviews whether Dack received sufficient written notice of the basis of his probation revocation to satisfy the Due Process Clause for clear error "because it involves the application of a legal standard to the facts of a particular case." United States v. Kirtley, 5 F.3d 1110, 1111-12 (7th Cir.1993) (citations omitted). The revocation of probation constitutes the loss of liberty and a probationer is entitled to certain minimum requirements protected by due process. Kirtley, 5 F.3d at 1112 (citing Gagnon v. Scarpelli, 411 U.S. 778 (1973)). The notice provided to Dack meets these minimum requirements. The petition for revocation filed by the probation officer states that Dack had indicated throughout 1995 that he had received approximately $17,570 in "earnings from employment" but that he had reported $0.00 in "wages, salaries, tips, etc.," and $0.00 in adjusted gross income. Although the probation officer may not have accurately described how Dack filed a false return, the petition notified Dack that he had stated that he received earnings during 1995 and that they had not been reported on his 1995 federal tax return, resulting in a violation of his probation, and thus was constitutionally sufficient. Id. at 1113 (stating that while the government's motion which described only improper bankruptcy court representations did not adequately notify defendant of the violations associated with the real estate transactions, due process was satisfied because "the probation officer's petition [] set forth the specific condition of probation that [the defendant] violated and the two month period during which the violations occurred, as well as some basic facts regarding the violation, such as the specific statute and rule Kirtley disobeyed and the exact date of his suspension."); see also United States v. Tham, 884 F.2d 1262, 1265 (9th Cir.1989) (petition for probation alleging that defendant violated "Condition 2" of the conditions of his probation and specifying the general dates, the location, and the individuals involved was sufficient notice to satisfy due process). The inclusion of the last line in the probation officer's petition regarding how the income should have been reported does not invalidate the notice provided by the rest of the petition.[3]
 
 
 5
 Dack's attempt to analogize his situation to that of the appellant in Dunn v. United States, 442 U.S. 100 (1979), is inapposite. Dunn involved a criminal prosecution where proof at trial varied from the charging document. The Supreme Court has expressly noted that the due process requirements which apply in a parole revocation proceeding are not as stringent as those applicable in a criminal trial. Morrissey v. Brewer, 408 U.S. 471, 480 (1972); Scarpelli, 411 U.S. at 781. Dack received the process he was due in his parole revocation proceeding.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Jurisdiction was transferred to the Southern District of Indiana in January 1995
 
 
 [2]
 Dack's return reported no income or earnings in 1995 and included all zeros in the "wages, salaries, tips, etc." line of the return. With his return, Dack submitted an affidavit in which he stated that the income tax laws did not apply to him and that he had no income in 1995 because income as defined by the Internal Revenue Code refers only to corporate gain of which he had none
 
 
 [3]
 Dack attempts to escape prosecution for his probation violation by relying on a technicality which he helped to create. Dack reported $0.00 in the "wages, salaries, tips, etc." line of his 1995 federal tax return yet left the "business income or loss" line blank. The probation officer, taking Dack's lead and not being an expert in the tax law, logically alleged that Dack failed to report "wages, salaries, tips, etc." in his petition for revocation. It seems somewhat disingenuous for the defendant now to challenge the sufficiency of the notification on the basis of what type of income the earnings constituted